UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

    CHUKWUMA E. OSUJI,

                                      Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --X

STELLA AZIE
                         *Plaintiff*

    -against-

CHUKWUMA E. OSUJI
                         *Defendant*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CHAPTER 7

Bankruptcy Case No.: 18-46660-CEC

**COMPLAINT TO DENY DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §727 AND FOR OTHER RELATED RELIEF**

Adv. Proc. No.:19-    (CEG)

Stella Azie, by her attorneys, Bronson Law Offices, P.C., as and for its complaint objecting to the Debtor's discharge, states as follows:

1. Defendant, Chukwuma E. Osuji ("Debtor" or "Defendant"), is the debtor in case no. 18-46660 (CEC) under Chapter 7 of Title 11 of the United States Code (11 U.S.C. §§ 101, et. seq., the "**Bankruptcy Code**") now pending in this Court (the "**Chapter 7 Case**").

2. This is an adversary proceeding brought pursuant to section 727(a) of the Bankruptcy Code by which Plaintiff, Stella Azie, is objecting to Debtor's discharge.

3. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 11 U.S.C. §727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4. John S. Pereira, Esq. was appointed and is chapter 7 Bankruptcy Trustee (the "**Trustee**").

5. The Plaintiff is a creditor of Defendant and obtained a Judgment of $231,800 entered on September 9, 2015 in index no.:17503/2012, in the Supreme Court Queens County, which is attached hereto as Exhibit A.

6. Defendant filed his chapter 7 petition on November 19, 2018 (the "**Petition**").

7. The Defendant in his Petition listed Plaintiff twice as an unsecured debt with no amount known and an unsecured debt with an amount of $233,000 stated, despite the fact that Plaintiff obtained a judgment that is a secured debt and automatically attaches to the Debtor's real property, which was listed in the Petition.

8. Defendant listed virtually no assets in his Petition other than a house that is jointly owned.

9. Plaintiff has a long standing relationship with Defendant, albeit mostly unpleasant.

10. On April 8, 2008, Plaintiff documented her loans to Defendant in the amount of $120,000 in a promissory note. This note was signed by Defendant in his individual capacity.

11. Defendant failed to repay the note and a lawsuit was commenced by Plaintiff that resulted in a judgment for $231,800 on September 9, 2015 (see **Exhibit A** attached hereto).

12. In Defendant's petition under the Statement of Financial Affairs, Defendant states in question 27 that "No. None of the above applies" as to whether he has any business affiliations.

13. Plaintiff, on information and belief contends that Defendant does have business affiliations in the United States and overseas, and owns property in Nigeria which has not been listed in his Petition.

14. Upon information and belief, Matiachuck Import and Export, Inc. is a company which had or has offices at 25962 148th Rd, Rosedale, New York which was or is doing business in New York.

15. Upon information and belief, Defendant is the sole shareholder and president of Matiachuck Import and Export, Inc. There is no mention in the Petition-Statement of Financial Affairs of any connection to a business.

16. Plaintiff also contends that Defendant's failure to list even rudimentary assets such as clothing and household goods demonstrates his willful attempt to obfuscate his assets in order to keep them from his creditors.

17. The failure to disclose Defendant's ownership of property, particularly property that is overseas, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, is in violation of 11 U.S.C. §727(a)(2) and (4).

18. Based on the foregoing, Defendant's discharge should be denied under 11 U.S.C. §727(a)(2) or (4).

## FIRST CLAIM FOR RELIEF

### Denial of Discharge § 727(a)(2)
### Transferring and Concealing Assets to Hinder Creditors.

19. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "18" as if set forth fully herein.

20. Defendant has listed virtually no assets in the Petition. The only asset listed is a house of which he is a joint owner. There are no vehicles listed, no clothing, no household furnishings, no jewelry, no cash, bank accounts and no foreign assets whatsoever.

21. It is hard to fathom that Defendant, who on information and belief makes many trips to Nigeria a year, and spends extended periods of time in Nigeria, has no assets in the United States or overseas.

22. Plaintiff on information and belief alleges that Defendant does have assets that he has concealed to hinder creditors with those assets being both in the United States and overseas.

## SECOND COUNT

### Denial of Discharge-11 U.S.C. § 727(a)(3)
### Concealing and Failing to Keep and Preserve Records

23. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "18" as if set forth fully herein.

24. Upon information and belief and review of Defendant's Petition, the Defendant has maintained no bank accounts, checking accounts, stock accounts or other accounts in his own name.

25. Plaintiff, on information and belief, alleges that Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records and papers from which the Defendant's financial condition or business transactions might be ascertained, and such concealment is evident from Defendant's Petition.

26. Defendant has not explained how he survives with no income listed in his petition. If he is being supported by a relative, regular contributions would have to be listed. If he receives food stamps or other social services support, those amounts would be required to be listed. Instead the Petition merely states there is 0 income.

## THIRD COUNT

### Denial of Discharge-11 U.S.C. § 727 (a)(5)
### Failure to Explain Loss or Deficiency of Assets

27. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "18" as if set forth fully herein.

28. Plaintiff lent Defendant $120,000 in 2008, and Plaintiff has failed to account for such funds or the proceeds of such funds.

29. Accordingly, Plaintiff, on information and belief, alleges that Defendant has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, the loss of assets or deficiency of assets to meet his liabilities.

    WHEREFORE, Plaintiff, by her attorneys, Bronson Law Offices, P.C. requests that Debtor/Defendant be denied a discharge under section 727 of the Bankruptcy Code and that Azie have such other and further relief as is just and proper in the discretion of the Court.

Dated: Harrison, NY
February 19, 2019

    BRONSON LAW OFFICES P.C.

    /s/ H. Bruce Bronson
    H. Bruce Bronson, Esq.
    480 Mamaroneck Ave.
    Harrison, NY 10528
    914-269-2530 (tel.)
    888-908-6906 (fax)
    hbbronson@bronsonlaw.net

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X    Index No.: 17503/2012
STELLA AZIE,

                        Plaintiff,

-against-

EMMANUEL CHUKWUMA OSUJI A/K/A CHUCK    JUDGMENT
OSUJI,

                        Defendant.
---------------------------------------------------------------X

ENTERED 2:10 AM/PM SEP 09 2015 COUNTY CLERK COUNTY OF QUEENS

WHEREAS the Motion in Lieu of Complaint in the above entitled action was duly served upon the defendant;

WHEREAS by an order dated August 27, 2014, the court struck the answer as against the defendant on all causes of action contained in the Motion in Lieu of Complaint;

WHEREAS, after an inquest and assessment of damages by the order dated September 17, 2014 the court awarded damages to Plaintiff, as against the defendant, in the amount of $203,200.00 with interest from August 20, 2012 (minutes attached);

NOW, upon the motion of MADUEGBUNA COOPER LLP, attorneys for the plaintiff, it is hereby

ADJUDGED that Plaintiff, STELLA AZIE, who resides at 3840 White Plains Road, Bronx, New York 10467, does recover of Defendant EMMANUEL CHUKWUMA OSUJI A/K/A CHUCK OSUJI, doing business at, among other locations, 205-20 Jamaica Avenue, Hollis, New York 11423, the sum of ~~$203,200.00 together with interest in the sum of $65,024.00,~~ $231,800.00 costs and disbursements in the amount of ~~$1,432.00~~ $1,300.00 as taxed, making in all a total of ~~$269,656.00~~ $233,100.00, and that plaintiff has execution therefor.

Docket

FILED & RECORDED
SEP 09 2015
COUNTY CLERK
QUEENS COUNTY

DOCKETED BY eg

JUDGMENT ENTERED: SEP 09 2015

CLERK